**EXHIBIT "E"**

**Sells, Amy D. (PHX x3304)**

| | |
|---|---|
| **From:** | Scott Gibson [scott@sdglaw.net] |
| **Sent:** | Tuesday, June 10, 2014 11:07 AM |
| **To:** | Sells, Amy D. (PHX x3304) |
| **Subject:** | RE: Rewards/Metropolitan, et al. - Unauthorized Use of Cash Collateral [QBLLP-ACTIVE.FID37150305] |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

We are willing to pay the amounts going forward from the other entities   Otherwise I really would like you to take this up with the court   Cant wait to hear what she has to say about your position.  Really !!!

PLEASE NOTE NEW ADDRESS

Scott D. Gibson
Law Office of Scott D. Gibson, PLLC
2329 N. Tucson BBlvd
Tucson, AZ 85715
520-784-2600
520-241-2600 (Cell)

Scott@sdglaw.net

---

**From:** Sells, Amy D. (PHX x3304) [mailto:Amy.Sells@quarles.com]
**Sent:** Friday, June 06, 2014 9:55 AM
**To:** 'Scott Gibson'
**Cc:** 'Bob McMahon'; 'Dan Multhup'; 'Susan Hartzler'; Gabriel, Isaac M. (PHX x3622)
**Subject:** RE: Rewards/Metropolitan, et al. - Unauthorized Use of Cash Collateral [QBLLP-ACTIVE.FID37150305]

Scott, I appreciate your prompt response, however, I don't understand your initial remark.  Expenses and payroll were undeniably paid subsequent to a default under the cash collateral order (and therefore were not paid in accordance with the cash collateral order).

As I mentioned in my May 29th e-mail, Section 8(e) of the order provides that "the authorization granted to the Restaurant Debtors to use Cash Collateral under this Order will terminate automatically and without further notice [if]... (e) any Restaurant Debtor ceases to operate its business without the prior written consent of Rewards Network...."

So there was a definite default as of May 26th, yet Rewards' cash collateral was still expended, even after I expressly demanded that the Metropolitan Grill not do so.

The 5 p.m. deadline still stands, if the Debtors would like to reevaluate their offer.  Thanks.

---

**From:** Scott Gibson [mailto:scott@sdglaw.net]
**Sent:** Thursday, June 05, 2014 1:33 PM
**To:** Sells, Amy D. (PHX x3304)
**Cc:** 'Bob McMahon'; 'Dan Multhup'; 'Susan Hartzler'
**Subject:** RE: Rewards/Metropolitan, et al. - Unauthorized Use of Cash Collateral [QBLLP-ACTIVE.FID37150305]

These funds were paid out when there was no default under the cash collateral agreement and in accordance with the cash collateral agreement   There are no funds available to address this issue   As we discussed, the other entities are willing to make the required payments   This is the only way

1

<mark>
</mark>

Rewards will be paid  If you want to shut down the other operations and deny use of cash to those entities please advise me immediately so we can seek relief from the Court . Of course, if you make election, and because your client does not have landlord waivers, I suspect your client will not receive any further payment if we are required to shutdown operations.   The Debtors are willing to make payments. Let me know if that is what your client wants or a liquidation in which they receive nothing

PLEASE NOTE NEW ADDRESS

Scott D. Gibson
Law Office of Scott D. Gibson, PLLC
2329 N. Tucson BBlvd
Tucson, AZ 85715
520-784-2600
520-241-2600 (Cell)

Scott@sdglaw.net

---

**From:** Sells, Amy D. (PHX x3304) [mailto:Amy.Sells@quarles.com]
**Sent:** Thursday, June 05, 2014 12:52 PM
**To:** 'scott@sdglaw.net'
**Cc:** Gabriel, Isaac M. (PHX x3622)
**Subject:** FW: Rewards/Metropolitan, et al. - Unauthorized Use of Cash Collateral [QBLLP-ACTIVE.FID37150305]
**Importance:** High

Thank you, Scott, but the information in these statements is problematic. As you know, when Metropolitan Grill shut its doors on May 26th, that constituted a default under our cash collateral order and, at that time, all funds should have been sequestered for the benefit of Rewards and no expenses or payroll should have been paid.

Furthermore, on May 29th, when we happened to discover that Metropolitan Grill shut down operations, I sent you notice (absent any obligation to do so) of Metropolitan Grill's default under the cash collateral order and I expressly demanded that no monies be transferred by Metropolitan Grill and that no payroll or other expenses be paid by Metropolitan Grill.

Yet, according to these statements, approximately $28,000 in transfers, withdrawals and checks were debited from the checking account on or after May 26th and payroll was also paid in regular course.

Your client must compensate Rewards for the loss of its cash collateral. If your client refuses to do so, Rewards will have no choice but to revoke all authorization to use cash collateral. Please respond by no later than **close of business tomorrow** with a meaningful proposal as to how your client intends to reimburse Rewards for the loss of its cash collateral. If your client fails to present a worthwhile and timely proposal, we will take this matter up with the Court.


**Amy D. Reyes Sells**
Attorney
Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
www.quarles.com
P: (602) 229-5304
F: (602) 420-5188
amy.reyes@quarles.com