**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Email: adam.nach@lane-nach.com
Allison M. Lauritson - 022185
Email: allison.lauritson@lane-nach.com

Attorneys for Gayle Eskay Mills, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| METRO RESTAURANTS, INC., | No. 4:14-bk-01278-BMW |
| Debtors. | **NOTICE OF TRUSTEE'S APPLICATION TO COMPROMISE CLAIMS IN ADVERSARY PROCEEDING AND FOR AUTHORITY TO SELL INTEREST IN VEHICLE** |
| | **AND NOTICE OF AUCTION** |

TO: CREDITORS AND PARTIES-IN-INTEREST:

Notice is hereby given that Gayle Eskay Mills, Trustee, has filed an Application to Compromise Claims in Adversary Proceeding and for Authority to Sell Interest in Vehicle, a complete copy is on file with the Clerk of the Court and available for inspection.

On or about January 22, 2015, Robert McMahon and Danita McMahon (collectively "**McMahon**") filed a voluntary petition under Chapter 11 of the Bankruptcy, bankruptcy case no. 4:15-bk-00672-BMW ("**McMahon Case**"). Pursuant to the Schedules of Assets and Liabilities filed in the McMahon Case, McMahon asserts an ownership interest in a "2006 Lincoln 72-5 Limo (2/3 ownership)", with a scheduled value of $10,000.00. Based on the records of the Arizona Department of Transportation, Motor Vehicle Division ("**AZ MVD**"), as of the commencement of this bankruptcy case, Metro had an ownership interest in a 2006 Lincoln limousine, VIN #XXXXXXXXXXXXX7508 ("**Limo**"). The Limo is the same vehicle listed by McMahon on Schedule B in the McMahon Case. The AZ MVD records further evidence that the Limo was initially titled solely in Metro's name, from 2006 through 2011. In 2011, the title to the Limo was transferred to "Metro Restaurants OR Robert B. McMahon". On information and belief, the Limo was encumbered by a lien in 2011 at the time of the transfer of the interest to McMahon. At all times relevant, McMahon was an owner of Debtor and had possession and/or control of the Limo. Based on the records of the AZ MVD, Metro had an ownership interest in the Limo as of the commencement of the Metro case, and upon conversion of the case to Chapter 7. This bankruptcy case was commenced prior to the commencement of the McMahon Case. Upon filing the bankruptcy case, the Limo became property of the Metro bankruptcy estate pursuant to 11 U.S.C. §541. Trustee made demand on McMahon to turn over possession of the Limo to the Trustee for sale pursuant to 11 U.S.C. §542. McMahon failed to turnover the Limo. Trustee commenced an adversary proceeding in the McMahon Case, seeking turnover of the Limo or the value thereof, case no. 4:15-ap-00221 ("**Adversary**"). McMahon contends that McMahon has at least a 2/3 ownership interest in the Limo.

McMahon further contends that McMahon paid the lien which encumbered the Limo and thus, at a minimum, McMahon has an equitable ownership in the Limo, to the extent of payments made. Trustee disputes McMahon has an ownership interest in the Limo, and contends that because the title to the Limo is an "or" title, the ownership interest became property of this bankruptcy estate upon commencement of the case, and that the Trustee may sell the Limo and recover all proceeds for the benefit of this bankruptcy estate. *See In re Antoine*, 2011 WL 5913725 (Bankr.D.Id. 2011). Trustee further contends that even if McMahon is found to have a legal or equitable interest in the Limo, the interest is avoidable pursuant to 11 U.S.C. §548 arising from the transfer the interest in the Limo to McMahon in 2011.

**AGREEMENT AND AUCTION NOTICE**

The Trustee received an offer from McMahon to resolve the dispute regarding the interest in the Limo and the pending Adversary on the following terms, subject to Court approval. McMahon shall turnover the Limo to Trustee's representative, Cunningham & Associates, Inc., for sale at auction, the terms of which auction are as follows:
   a. Trustee is authorized to and shall sell the Limo at auction to be conducted by Cunningham & Associates, Inc., at 6502 N. 27th Avenue, Phoenix, AZ 85017, on **August 5, 2015**.
   b. Bidding will open on or before 4:00 p.m. MST on **July 31, 2015.** Bidders will be able to place bids in person, by fax, by email, via telephone, or through the online bidding system at AuctionAZ.com. If anyone places a bid within the last two minutes of bidding, the bidding will extend for an additional two minutes. Bidding will start to close at 12:00p.m. (Noon) (or later as indicated on the website) on Wednesday, **August 5, 2015.**
   c. **Terms of Sale:** Prospective purchasers are encouraged to personally inspect/perform their own due diligence of the Limo being sold, as the Limo will be sold on an "AS IS" "WHERE IS" basis, with no warranties, guarantees or representations. A bidder deposit not to exceed $200.00 is required. The deposit can be made in person by cashier's check or cash, or using a credit card through the online system. Final payment by cash or cashier's check due on date of sale. All sales are subject to sales tax unless the property being sold is tax-exempt or a resale number is used as proof of exemption. All sales are subject to Trustee's approval.
   d. **To View the Property or Obtain More information**: The Limo to be auctioned will be available for preview on Tuesday, August 4, 2015, from 10:00 am to 4:00 p.m. For more information Cunningham & Associates at (602) 595-6714 or www.AuctionAZ.com
   e. Trustee is not aware of any other entities holding an interest in the Limo being sold. There has been no stay relief sought as to the Limo in either bankruptcy case.
   f. The Trustee is not aware of any recent appraisals of the Limo.
   g. Cunningham & Associates, Inc., will be entitled to fees and costs, subject to further Order of the Court. Cunningham & Associates, Inc. is not an insider.

**The auction information and the terms of this resolution shall be separately noticed to all creditors and parties-in-interest in both this bankruptcy case, and in the McMahon Case.**

Upon consummation of the sale of the Limo, the net proceeds, less costs of sale including the commission due auctioneer, shall be divided equally between the Metro bankruptcy estate and the McMahons, with the McMahons to deposit their portion of the proceeds in the debtor-in-possession bank account. Upon entry of an Order approving the settlement, consummation of the sale and delivery of the sale proceeds, the Trustee and McMahon shall file the necessary documents to dismiss the Adversary, with each party to bear their own attorneys' fees and costs. Trustee believes the settlement is appropriate after consideration of all of the circumstances.

The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest

of this Estate. The settlement expeditiously resolves the pending Adversary while avoiding the costs associated with litigation. Moreover, success in the litigation is uncertain due to the meritorious defenses asserted by McMahon, including the contention that McMahon has an equitable ownership interest in the Limo. The settlement will allow the Trustee to maximize the value of the Limo by liquidation at auction.

The Trustee asserts that all of the requirements pursuant to 11 U.S.C. §363 are met. Section 363(b)(1) authorizes the debtor, after notice and a hearing, to use, sell or lease property of the estate other than in the ordinary course of business. McMahon, as a co-owner of the Limo consents to the sale of the Limo and to the division of the net sale proceeds with the Estate, pursuant to 11 U.S.C. §363(f)(2). Moreover, pursuant to 11 U.S.C. §363(h), the Trustee may sell both the bankruptcy estate's interest in the Limo and the McMahon's interest in the Limo because the partition of the Limo is impracticable (§363(h)(1)). The co-owner of the Limo, McMahon, consents to the sale and thus, the §363(h) requirements in order to sell the Limo need not be met. Upon the sale of the Limo, Trustee shall distribute the net sale proceeds, after deducting all valid liens and encumbrances, and the costs of sale, equally between the Trustee and McMahon pursuant to 11 U.S.C. §363(j). A commission will be paid from the sale proceeds of ten percent (10%) of the sale price. The sale of the Limo will be by auction and thus, subject to bidding. As such, the successful buyer is a good faith purchaser 11 U.S.C. §363(m). Upon approval, any applicable 14 day stay should be waived under F.R.B.P. 6004(h) to allow the auction to proceed upon due notice and approval of this settlement. Trustee seeks authority to transfer the Limo "AS IS/WHERE IS", without any guarantees, warranties or representations.

Any person opposing the settlement and/or the sale shall file a written objection, together with a notice of hearing, on or before 21 days of the date of this mailing as follows: United States Bankruptcy Court, as follows: (a) by hand-delivery or mail to Bankruptcy Court, **Tucson Division, 38 South Scott Avenue, Tucson, AZ 85701**; or (b) electronically at the Court's website: ecf.azb.uscourts.gov using the Court's electronic filing procedures, with a copy to: Lane & Nach, P.C., at the above-address.

If a person timely objects in writing and a hearing is requested but has not yet been conducted by the Court as of the date of the scheduled auction, bids will be taken and the normal sales procedures followed. The closing of the sale remains dependent upon the outcome of the Court hearing regarding the objection. If there is no timely objection and request for hearing, no hearing will be held, and the Trustee will proceed to sell the property without further order of the Court.

DATED: June 18, 2015          **LANE & NACH, P.C.**

By /s/ AML-022185
    Adam B. Nach
    Allison M. Lauritson
    Attorneys for Trustee